(90 N. W. Rep. 807.)

---

JOHN DEACON *vs.* C. L. MATTISON.

---

**Parol Evidence—Breach of Contract.**

> Where the obligations of a written contract are expressed in unambiguous language, it is not competent to vary or contradict them by parol evidence of custom or usage, and thus create obligations different from those embodied in the contract.

**Verdict by Direction.**

> Evidence examined. *Held,* that the trial court did not err in directing a verdict for the defendant.

Appeal from District Court, Cass County; *Pollock,* J.

Action by John Deacon against C. L. Mattison. Judgment for defendant, and plaintiff appeals. Affirmed.

*Benton, Lovell & Holt,* for appellant.

*Morrill & Engerud,* for respondent.

YOUNG, J. This is an action to recover damages for an alleged breach of a covenant contained in a written contract under which the defendant occupied and cultivated certain farm lands owned by the plaintiff during the farming seasons of 1899 and 1900. The trial court excluded certain testimony offered by the plaintiff, and directed a verdict for the defendant. Plaintiff has appealed from the judgment entered in defendant's favor. The appellant assigns error upon the order directing the verdict and upon the exclusion of evidence.

The contract in question is a partly written and partly printed one. The printed portions embrace the various covenants and conditions found in printed blanks, commonly used in framing contracts for cropping farm lands on shares. Upon its face the contract purports to have been executed on January 19, 1899. The defendant agreed therein to properly farm and cultivate 95 acres of the land therein described during the farming seasons of 1899 and 1900. Among other things the defendant covenanted and agreed, "after taking off the crops, to plow immediately, in a good and proper manner, * * * so much of such parts of said farm suitable for a succeeding crop as shall be plowed at the time the party of the first part takes possession thereof." The covenant just quoted—and it is for the alleged breach of this covenant that this action is brought—is found in the printed portions of the contract, and is one of a large number of covenants contained therein, which are commonly inserted in such blank forms of contracts. The plaintiff alleges that the defendant failed and neglected to plow back the land or any portion of the same in the fall of 1900, prior to his surrender of possession, and thereby committed a breach of the covenant above quoted.

It appears from the following written portions of the contract that it covered 95 acres, and that the land was all unplowed when the contract was executed: "First party [the defendant herein] agrees to break up eighty acres in good season in 1899, and put same into flax; balance, consisting of about fifteen acres of cultivated land now unplowed, shall be put into oats in 1899. * * * First party is to receive $1.50 per acre for the 80 acres he shall break as above. * * * This lease applies only to the eighty acres to be broken, together with the fifteen acres now cultivated." It will be seen that 15 acres is particularly described as being then unplowed, and the remainder was virgin prairie.

The plaintiff, when testifying in his own behalf, was asked this question: "State whether or not Mr. Mattison [the defendant] did any plowing in the fall of 1900?" An objection to this question was sustained, and this ruling is assigned as error. The plaintiff

then offered to prove that, when defendant surrendered possession of the land in the fall of 1900, he left it unplowed; further, that a custom prevailed in the vicinity of this land that, "where a tenant breaks land in the spring to be cropped that season, if he shall receive pay from the owner of the land for doing such work it is the custom that he shall plow it back in the fall at his own expense." The rejection of this offer is also assigned as error.

We are agreed that the trial court did not err in the rulings complained of. The covenant upon which the plaintiff bases this action did not bind the defendant to plow back all of the land leased by him or any specified number of acres. His obligation was merely to plow back such portions of the land as were plowed when he took possession. It was manifestly necessary, therefore, to create a breach of the covenant, that two facts should exist: First, it must appear that a portion of the land was plowed when the defendant took possession; second, that the defendant left it unplowed in the fall of 1900. The defendant was under obligation to plow back only such portions of the land as were plowed when he took possession. No evidence was introduced or offered showing, or tending to show, that any portion of the land was plowed when he took possession. The only evidence contained in the record on this question is afforded by the contract itself, which was introduced in evidence by the plaintiff, and from which it appears that when it was executed no portion of the land was plowed. In the absence of evidence that any part of the land was plowed when the defendant took it, the evidence offered to show that it was unplowed when he surrendered possession did not tend to establish a breach of the covenant, and was therefore properly excluded.

Neither was it error to reject the offer of proof of custom above referred to. No evidence was introduced or offered to show and it is not alleged that the parties contracted in reference to any such custom. The plaintiff does not sue upon an obligation arising by virtue of a custom, but, on the contrary, bases his cause of action upon the express covenant contained in the written contract. Its language is in no sense ambiguous, and requires no reference to any custom or usage to ascertain the intention of the parties. It is true this particular covenant was not applicable to the conditions which existed in this case, but this fact would not warrant us in extending it by construction so as to create a new and different obligation from that which is expressed in plain language. As already stated, it is one of numerous covenants inserted in such blanks for the benefit of landlords, regardless of the existence of conditions which may render them operative. The covenant sued upon particularly declares the conditions upon which it will become operative. There is no evidence in the case that it did become operative. Where the obligations of a written contract are expressed in unambiguous language, it is not competent to contradict or vary them by parol evidence of custom, and thereby create different obli-

gations from those entered into by the parties. In commenting on this question in *Simmons* v. *Law*, \*42 N. Y. 219, the court said: "A clear, certain, and distinct contract is not subject to modification by proof of usage. · Such a contract disposes of all customs by its own terms, and by its terms alone is the conduct of the parties to be regulated and their liability to be determined." See, also, cases cited in 27 Am. & Eng. Enc. Law, p. 846.

There being no evidence offered or introduced to show that the covenant in question became operative, and that a breach thereof occurred, the trial court properly directed a verdict for the defendant. It follows that the judgment must be affirmed, and it is so ordered. All concur.